# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JOHNATHAN LAMAR BURKS,

Defendant-Appellant.

UNPUBLISHED
April 3, 2018

No. 335955
Wayne Circuit Court
LC No. 16-002935-03-FC

Before: K. F. KELLY, P.J., and MURPHY and RIORDAN, JJ.

PER CURIAM.

Following a jury trial, defendant appeals as of right his convictions of first-degree home invasion, MCL 750.110a(2), and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. The trial court sentenced defendant as a third-habitual offender, MCL 769.11, to consecutive prison terms of 18 to 40 years for the home invasion conviction and two years for the felony-firearm conviction. We affirm.

Defendant was convicted for aiding and abetting his two co-defendants, one of whom burst into a home, shooting three people in retaliation for an earlier incident. A three-year-old child died as a result of the shooting and two adults were injured.[1] On appeal, defendant sets forth claims of error regarding the defense of duress, along with maintaining that his home invasion sentence, which reflected a departure from the minimum guidelines range, was not reasonable.

With respect to the defense of duress, it was not raised by defense counsel at trial, so there was no jury instruction on duress and the jurors were not directed to resolve any questions concerning duress. However, the jury posited a question during its deliberations regarding

---

[1] The jury acquitted defendant of first-degree premeditated murder, MCL 750.316(1)(a), first-degree felony murder, MCL 750.316(1)(b), two counts of assault with intent to commit murder (AWIM), MCL 750.83, and discharge of a firearm at a building causing death, MCL 750.234b(5).

-1-

whether duress or coercion negated criminal responsibility,[2] and the trial court informed the jurors that such a defense had not been presented and that duress is not a defense to the charged crimes, certainly as to the murder, AWIM, and discharged-firearm offenses that defendant was facing, for which he was later acquitted. Defendant argues that he was denied due process and a fair trial when the court refused to explain to the jury that duress is indeed a defense to home invasion and felony-firearm.

In *People v Lemons*, 454 Mich 234, 245-247; 562 NW2d 447 (1997), our Supreme Court explained the defense of duress:

> Duress is a common-law affirmative defense. It is applicable in situations where the crime committed avoids a greater harm. The reasons underlying its existence are easy to discern:
>
> "The rationale of the defense of duress is that, for reasons of social policy, it is better that the defendant, faced with a choice of evils, choose to do the lesser evil (violate the criminal law) in order to avoid the greater evil threatened by the other person."
>
> In order to properly raise the defense, the defendant has the burden of producing some evidence from which the jury can conclude that the essential elements of duress are present. . . . [A] defendant successfully carries the burden of production where the defendant introduces some evidence from which the jury could conclude the following:
>
> A) The threatening conduct was sufficient to create in the mind of a reasonable person the fear of death or serious bodily harm;
>
> B) The conduct in fact caused such fear of death or serious bodily harm in the mind of the defendant;
>
> C) The fear or duress was operating upon the mind of the defendant at the time of the alleged act; and
>
> D) The defendant committed the act to avoid the threatened harm. [Citations and quotation marks omitted.]

Duress concerns a situation where a defendant admits having committed the charged crime, but attempts to justify, excuse, or mitigate it; it does not negate the elements of the crime. *Id.* at 246 n 15. A threat of future injury does not support the defense of duress; rather, the threatening conduct or act of compulsion must be impending, imminent, and present. *People v Henderson*, 306 Mich App 1, 5; 854 NW2d 234 (2014). The threat underlying a claim of duress must not

_____

[2] Evidently, the jurors, on their own initiative, conceived of the possibility that defendant acted under duress or was coerced.

have arisen out of the negligence or fault of the person pursuing the defense. *Id.* Duress is not a defense to murder, aiding and abetting a murder, and AWIM. *Id.* at 5-8. Finally, we note that jury instructions must include all of the elements of the charged crimes and cannot exclude material issues, defenses, or theories where there is supporting evidence. *People v McKinney*, 258 Mich App 157, 162-163; 670 NW2d 254 (2003).

We shall proceed on the assumption that duress is a defense to first-degree home invasion and felony-firearm. The trial court should have simply informed the jury that duress was not a defense being raised by defendant. Instead, the court proceeded to additionally state that duress is not a defense under the law to any of the charged crimes, with the court then backtracking somewhat by indicating that duress is certainly not a defense to homicide, AWIM, and discharging a firearm, thereby perhaps suggesting that it might be a defense to first-degree home invasion and felony-firearm. However, the trial court's overall answer could reasonably have been construed as indicating that duress could not be considered by the jurors on all of the charged crimes. Defendant insists that the trial court should have expressly and clearly told the jury that duress is a defense to the crimes upon which defendant was convicted, i.e., first-degree home invasion and felony-firearm. The problem with this argument is that there existed no basis for giving a duress instruction in the first place, as there was inadequate evidence supporting an instruction on duress under the elements enunciated in *Lemons*, 454 Mich at 246-247. Therefore, given that defendant was not entitled to a jury instruction on duress even had it been requested, the fact that the trial court effectively removed the issue from the jury's consideration cannot be deemed a violation of due process or the right to a fair trial. Defendant had no right to have the jury contemplate the defense of duress, and reversal is unwarranted.[3]

Additionally, we also reject defendant's associated argument that defense counsel was ineffective for not requesting that the trial court, in response to the jury's inquiry, explain to the jurors that duress is a defense to first-degree home invasion and felony-firearm. Again, defendant was not legally entitled to a duress instruction, which is essentially what he would have received had the court informed the jury that duress is a defense. Counsel is not ineffective for failing to raise futile or meritless arguments. *People v Erickson*, 288 Mich App 192, 201; 793 NW2d 120 (2010).[4]

---

[3] Moreover, even if there was adequate evidence of duress, it would not have been appropriate for the trial court to allow the jurors to consider the defense, as, once again, it was not a defense raised by defense counsel at trial. Because a duress defense was not raised, the prosecutor had no need or reason to present evidence to attempt to counter the defense or to argue against the defense. Defendant's position on appeal would have effectively and unfairly deprived the prosecution of challenging the defense of duress.

[4] To the extent that defendant is arguing that counsel was ineffective for not raising a duress defense at trial, which does not appear to be an argument presented in his brief, we cannot conclude that counsel's performance fell below an objective standard of reasonableness, where counsel chose to present and focus on a "mere presence" defense, which succeeded in part given the acquittals on the more serious charges. *People v Toma*, 462 Mich 281, 302; 613 NW2d 694 (2000).

Defendant next argues that his sentence on the home invasion conviction was not reasonable and was based on acquitted conduct. Defendant's minimum sentence guidelines range was 57 to 142 months; however, the trial court imposed a home invasion sentence with a minimum term of 216 months (18 years), exceeding the top end of the guidelines range by approximately six years and two months. The trial court reasoned as follows:

> Well, [defendant], if you have a small child, then you of all people should have known that possible harm and what possible heartache could come from gunfire being utilized in a small residential place where there was a three-year-old child.
>
> In this particular case you mobilized an angry, volatile young person that you knew to be angry and volatile, and who had a penchant for using guns to come over and rally with you because of someone's missing tennis shoes.
>
> A three-year old child has no future. There is a heartache for that family because it was your idea. You were the one who instigated the phone call and all of the action that led to a three-year old child being murdered on Easter Sunday.
>
> I know that your position has been that you did not do anything, that you were just there watching. Well, the jury didn't believe that, and I don't believe that. Nobody brings spectators to a murder. You were involved. You were there in the car with the shooter driving there, and you were there with the shooter driving away, and you were prepared to be the wheel man to drive away. And, but for your active involvement, that three-year old child would be alive today. You bear enormous responsibility.

The trial court further remarked that the guidelines did not adequately reflect the serious harm that occurred in this case.

In *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015), the Supreme Court held that a sentence that departs from the guidelines range is to be reviewed "for reasonableness." And in *People v Steanhouse*, 500 Mich 453, 459-460; 902 NW2d 327 (2017), the Supreme Court clarified that the reasonableness of a departure sentence is to be reviewed for an abuse of discretion, applying the principle-of-proportionality from *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990), " 'which requires the sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender.' "

Defendant argues that his sentence was not reasonable or proportionate because he was acquitted of aiding and abetting in the three-year-old's death, because he did not carry a gun to the scene of the crime, and because he did not have any previous "high" felonies. However, despite the jury's determination that the prosecutor failed to prove beyond a reasonable doubt that defendant aided and abetted in the murder or as to AWIM, there was evidence that defendant's actions set in motion the events leading to the shooting death and injuries. As noted by the trial court, defendant's behavior in being a part of the group that produced the death and injuries in retaliation for what defendant thought had been an assault on his brother was not adequately accounted for in the sentencing guidelines. Contacting a violent person, knowing that

-4-

he is violent and utilizes firearms, immediately after learning of his brother's situation, along with participating in the retaliation, defendant properly shares the blame for the carnage, at least for purposes of a sentencing departure. The trial court's view that defendant's phone call to the gunman over stolen shoes was the catalyst for the crimes, in contrast to defendant's view that he was merely a spectator, was supported by the evidence. Defendant also has two prior felonies. The trial court did not abuse its discretion in imposing the upward departure, as the minimum sentence of 18 years was proportionate to the seriousness of the circumstances surrounding the offense and the offender.

Finally, with respect to defendant's arguments concerning judicial fact-finding, the Court in *Lockridge,* 498 Mich at 392 n 28, expressly allowed for such fact-finding in relationship to the offense variables for purposes of *advisory* guidelines, and defendant's anticipation that the Supreme Court's ruling in *Steanhouse* might alter *Lockridge* on the matter did not come to fruition. And defendant has not presented a viable or persuasive argument that judicial fact-finding is improper relative to establishing the basis for a sentencing departure.

Affirmed.

/s/ Kirsten Frank Kelly
/s/ William B. Murphy
/s/ Michael J. Riordan